IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH LEROY THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 1:19-CV-792-WKW-KFP |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Joseph Leroy Thomas is before the Court with his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. *See* Docs. 2 & 8.[1] For the reasons discussed below, the Magistrate Judge RECOMMENDS that Thomas's § 2255 Motion be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

**I.    BACKGROUND**

On March 1, 2017, Thomas pled guilty to the sole charge in an indictment charging him with possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Crim. Doc. 86. On May 31, 2017, the district court sentenced Thomas to 85 months in prison. Crim. Doc. 87. Thomas appealed, arguing that the district court erred in denying his motion to suppress evidence and compel discovery. On August 15, 2018, the Eleventh

---

[1] References to documents filed in this § 2255 action are designated as "Doc." References to document numbers assigned by the Clerk in the underlying criminal case (Case No. 2:16-CR-323) are designated as "Crim. Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as presented for filing.

Circuit issued an opinion affirming Thomas's conviction and sentence. Crim. Doc. 82; *see United States v. Thomas*, 745 F. App'x 344, 345 (11th Cir. 2018).

On July 15, 2019, Thomas, acting pro se, filed a "Memorandum Letter" with this Court seeking to vacate his conviction based upon the Supreme Court's recent holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Doc. 2. Because Thomas presented claims challenging his conviction, the Court entered an Order advising him of its intention to recharacterize his Memorandum Letter as a motion to vacate, set aside, or correct sentence under § 2255 and provided him with the notice and warnings required by *Castro v. United States*, 540 U.S. 375 (2003). Doc. 3. After Thomas indicated that he wished to proceed under § 2255, the Court directed him to file an amended § 2255 motion setting forth his claims on the form for § 2255 motions. Docs. 4–5.

Thomas filed his amended § 2255 motion on January 17, 2020. Doc. 8. In his motion, Thomas argues that (1) his conviction and sentence must be vacated in light of *Rehaif* because his indictment failed to explicitly allege that he knew he was a prohibited person barred from possessing a firearm, and (2) his trial counsel was ineffective for failing to advise him that the government had to prove he knew he was prohibited from possessing a firearm. Doc. 8 at 4–12; *see* Doc. 10 at 1.

II. **LEGAL STANDARD**

A prisoner may have relief under § 2255 when the trial court has imposed a sentence that: (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* § 2255; *see also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir.

2

2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). If a court determines a prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." § 2255(b). The burden to establish that vacatur of the conviction or sentence is required falls upon the prisoner. *Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

### III.   DISCUSSION

#### A.   *Rehaif v. United States*

Thomas's claims stem from the U.S. Supreme Court's decision in *Rehaif.* 139 S. Ct. at 2191. In *Rehaif,* decided on June 21, 2019, the Supreme Court held that to secure a felon-in-possession conviction under § 922(g), "the government must prove not only that the defendant knew he possessed a firearm or ammunition, but also that he knew 'of his status as a person barred from possessing a firearm' or ammunition." *United States v. Morales*, 987 F.3d 966, 978 (11th Cir. 2021) (citing *Rehaif*, 139 S. Ct. at 2195).

Thomas was indicted in 2016 and pleaded guilty in 2017, before the *Rehaif* decision. Thomas's indictment did not allege that he knew of his status as a member of a class of persons prohibited from possessing firearms and ammunition—namely that he knew he was a convicted felon; i.e., that he had been convicted of a crime punishable by

imprisonment for a term greater than one year. Crim. Doc. 1 at 1. However, the indictment tracked the language of § 922(g).[2]

### B.  Jurisdictional Defect In Indictment

Thomas claims that in light of *Rehaif*, his indictment was defective because it failed to allege explicitly that he knew he was a prohibited person barred from possessing a firearm and that this purported defect deprived the district court of jurisdiction and requires vacatur of his conviction and sentence. *See* Doc. 8 at 12; Doc. 10 at 1.

"Subject-matter jurisdiction defines the court's authority to hear a given type of case," and "Congress bestows that authority on lower courts by statute." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). "For federal crimes, Congress did so in 18 U.S.C. § 3231, providing district courts with 'original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.'" *United States v. Brown*, 752 F.3d 1344, 1348 (11th Cir. 2014) (citing § 3231). "Subject-matter jurisdiction can

---

[2] The indictment read:

> On or about the 6th day of January, 2016, in Houston County, within the Middle District of Alabama, the defendant, JOSEPH LEROY THOMAS, having been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit, one or more of the following: Theft of Property, 2nd Degree (CC 2012-631); Unlawful Possession of a Controlled Substance (CC 2007-123); Possession of Marijuana, lst Degree (CC 2006-1579); Receiving Stolen Property, 2nd Degree (CC 2006-1371); Unlawful Possession of a Controlled Substance (CC 2003-856); Unlawful Possession of a Controlled Substance (CC 2002-895); and Unlawful Possession of a Controlled Substance (CC 1997-1218); all in the Circuit Court of Houston County, Alabama, did knowingly possess in and affecting interstate commerce, a firearm and ammunition, to wit, a Beretta, Model 950B5, .25 caliber handgun; a Lorcin, Model L9mm, 9mm caliber handgun; a Lorcin, Model L25, .25 caliber handgun; a Heritage, Model Rough Rider, .22 caliber handgun; a Bersa, Model Thunder 380, .380 caliber handgun; and assorted ammunition, a better description being otherwise unknown to the Grand Jury, in violation of Title 18, United States Code, Section 922(g)(1).

Crim. Doc. 1 at 1.

never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). "While an indictment's omission of an element of an offense does not strip the district court of jurisdiction, . . . the district court would lack subject matter jurisdiction if the indictment failed to charge conduct that amounts to an offense against the laws of the United States." *Morales*, 987 F.3d at 978–79 (citing *Brown*, 752 F.3d at 1353–54); (*United States v. Moore*, 954 F.3d 1322, 1333 (11th Cir. 2020)) (internal citations omitted).

The Eleventh Circuit addressed an argument similar to Thomas's in *United States v. Morales*. 987 F.3d at 978–79 (11th Cir. 2021). There, the defendant also alleged "that the omission of the knowledge-of-status requirement caused the indictment to fail to charge a federal criminal offense, thereby depriving the district court of subject matter jurisdiction." *Id*. at 978. Rejecting the defendant's argument, the Eleventh Circuit reasoned:

> Three recent decisions of this Court foreclose Morales's argument. In *United States v. Moore*, we rejected the defendants' argument that 'because their indictments failed to allege their knowledge of their felon status, the indictment failed to allege a crime, depriving the district court of jurisdiction.' 954 F.3d at 1332. Like Morales's indictment, the defendants' indictments cited and tracked the text of § 922(g)(1), but did not . . . mention the knowledge-of-status element. *Id*. at 1332–33[.]
>
> After reviewing the case law on indictment defects, we identified a distinction between cases in which the indictment affirmatively alleges conduct that is not a crime and cases in which the indictment merely omits an element of a valid offense. 'Ultimately,' we concluded, 'the law is clear: the omission of an element in an indictment does not deprive the district court of subject matter jurisdiction. A defective indictment only affects jurisdiction when it fails to allege an offense against the United States. So long as the conduct described in the indictment is a criminal offense, the mere omission of an element does not vitiate jurisdiction.' *Id*. at 1336.
>
> Since the text of § 922(g) implies a knowledge-of-status element, an indictment that tracks this text sufficiently states a crime against the United States. *Id*. at 1333, 1336–37. The Moore indictment alleged violations of

5

> § 922(g), a criminal offense, so it was sufficient to confer subject matter jurisdiction. 'Reading this knowledge requirement into the statute while also holding that indictments tracking the statute's text are insufficient would be incongruous. Although the government may be well advised to include such *mens rea* allegations in future indictments, that language is not required to establish jurisdiction.' *Id*. at 1333.
>
> Our holding in *Moore* that an indictment materially similar to Morales's was not jurisdictionally deficient after *Rehaif* forecloses any holding that the district court lacked jurisdiction over Morales's case. *See also United States v. McLellan*, 958 F.3d 1110, 1118 (11th Cir. 2020) (relying on *Moore* to reject an argument that a § 922(g)(1) indictment was jurisdictionally defective because it failed to include a knowledge-of-status element and holding that 'there is no jurisdictional defect if an indictment merely fails to include that the defendant knowingly committed the crime but otherwise clearly alleges the unlawful conduct that the defendant is accused of committing'); *United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020) (relying on *Moore* and *McClellan* to reject an identical argument).

*Morales*, 987 F.3d at 978–79.

As previously noted, Thomas's indictment tracked the language of § 922(g). As such, the indictment sufficiently stated a crime against the United States. Therefore, the district court had subject matter jurisdiction to hear Thomas's case, and Thomas is not entitled to vacatur of his conviction and sentence based on the purported defect in the indictment.

### C. Ineffective Assistance of Counsel

Thomas claims that his trial counsel was ineffective for failing to advise him that the government was required to prove he knew he was prohibited from possessing a firearm. Doc. 8 at 4–12; *see* Doc. 10 at 1.

A claim of ineffective assistance of counsel is evaluated under the two-part test announced in *Strickland v. Washington*. 466 U.S. 668 (1984). First, a petitioner must show

that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694; *see also Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and courts indulge a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). A court will "avoid second-guessing counsel's performance." *Id*. Under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Unless a petitioner satisfies the showings required under both prongs of the *Strickland* inquiry, relief should be denied. *Id*. at 687. Once a court decides that one of the requisite showings has not been made, it need not examine the other. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

Thomas, in alleging ineffective assistance by his counsel, and in his above-discussed claim challenging the indictment, appears to believe that *Rehaif*'s knowledge-of-status requirement is that the government, to secure a § 922(g) conviction, must prove that the defendant, at the time of the offense, knew he was prohibited from possessing a firearm. Thomas misinterprets *Rehaif*. *Rehaif*'s knowledge-of-status requirement is that the government must prove that the defendant, at the time of the offense, knew he was a convicted felon; i.e., that he had been convicted of a crime punishable by imprisonment for

7

a term greater than one year. *Rehaif*, 139 S. Ct. at 2200; *see, e.g., Lackland v. United States*, No. 2:20-CV-8013-CLM, 2021 WL 50775, at *3 (N.D. Ala. Jan. 6, 2021) ("*Rehaif* only requires that the government prove that a defendant knows he is a felon. It does not require the government to prove that the defendant knew that being a felon prevent[ed] him from possessing a firearm.").

      The record provides powerful evidence that Thomas knew he was a felon at the time of his offense. Thomas had an extensive history of felony convictions, and some resulted in his serving prison terms of over one year. *See* Doc. 17-1 at 9–11 (Presentence Investigation Report). Most people convicted of a felony know that they are felons. *See United States v. Miller*, 954 F.3d 551, 559 (2d Cir. 2020). And someone convicted of felonies repeatedly is especially likely to know he is a felon. *Innocent*, 977 F.3d at 1082. Because Thomas does not show he was unaware he was a felon when he committed his § 922(g) offense, he cannot demonstrate that he was prejudiced by his counsel's failure to advise him about the knowledge-of-status requirement recognized in *Rehaif* (much less by his counsel's failure to advise him, incorrectly, that the government had to prove he knew he was prohibited from possessing a firearm), nor can he show he was prejudiced by the indictment's failure to allege the knowledge-of-status element recognized in *Rehaif*. *See United States v. Reed*, 941 F.3d 1018, 1020–21 (11th Cir. 2019) (reviewing a *Rehaif* challenge and holding that defendant was not entitled to relief from his § 922(g) conviction where his indictment lacked the knowledge-of-status element and government was not made to prove the knowledge-of status element, because it was clear from the record that the defendant knew he was a felon at the time of his § 922(g) offense).

Furthermore, to the extent Thomas argues that his counsel was ineffective for failing to give him advice or make arguments based on legal principles announced by the Supreme Court in *Rehaif*, he fails to demonstrate that his counsel's representation fell below an objective standard of reasonableness. *Rehaif* was decided over two years after Thomas was convicted. His counsel could not be ineffective for failing to give advice or make arguments based on a change in the law that had yet to occur. *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994); *see United States v. Finley*, 805 F. App'x 823, 826–27 (11th Cir. 2020) (because an attorney's failure to anticipate a change in the law typically will not support a claim of ineffective assistance of counsel, counsel did not provide ineffective assistance by failing to make arguments that would eventually become known as *Rehaif*-based arguments); *Dawkins v. United States*, No. 20-12840-D, 2020 WL 3576841, at *2 (N.D. Ala. Jul. 1, 2020), certificate of appealability denied, No. 20-12840-D, 2020 WL 8270518 (11th Cir. Dec. 1, 2020) (finding that counsel's failure to raise a *Rehaif* claim before *Rehaif* was decided was not ineffective assistance providing cause to excuse petitioner's procedural default of claim).

Thus, Thomas is entitled to no relief on his *Rehaif*-based claim of ineffective assistance of counsel.

## IV.   CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that Thomas's § 2255 motion be DENIED and that this case DISMISSED with prejudice.

It is further ORDERED that by **September 7, 2022**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion

of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 24th day of August, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE